UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| MATT SCHWEDER, *o/b/o P.S.*, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 3:21-cv-00019-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW GRAHAM BESHEAR, *et al..*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on Plaintiffs' Motion for a Temporary Restraining Order filed on July 6, 2021. [R. 14.] This civil case, with numerous Kentucky citizens as Plaintiffs, seeks declaratory judgments, among other relief, as to the alleged unconstitutionality of the Commonwealth's ongoing emergency declaration. [R. 1.] In their Motion, Plaintiffs cite to an executive order published on June 11, 2021 by Governor Beshear, which takes a number of actions, including in relevant part: (1) rescinding a number of previous executive orders related to the COVID pandemic; (2) rescinding a face-covering requirement; and (3) stating "[i]n order to ensure Kentucky remains eligible for various federal funding opportunities that require a state of emergency declaration, the state of emergency declared in Executive Order 2020-215 remains in place." [R. 14-3.]

Plaintiffs argue that Governor Beshear's Order represents an admission that "no state of emergency exists and the only reason for extending the perpetual and so-called 'state of emergency' which he arbitrarily and preemptively declared in March 2020, is to wring a few more federal dollars from 'various federal funding opportunities that require a state of

emergency declaration.' " [R. 14.] In light of the Governor's Executive Order, the Plaintiffs filed the present Motion. [R. 14.]

  This Court must apply a four-part test to determine whether a temporary restraining order is appropriate. The court must consider: (1) the likelihood that Plaintiffs will succeed on the merits of its claim; (2) whether Plaintiffs will suffer irreparable harm in the absence of injunctive relief; (3) the probability that granting the injunction will cause substantial harm to the defendants; and (4) whether the public interest is advanced by the issuance of the injunction. *See, e.g., McPherson v. Michigan High School Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997). A district court need not make specific findings on each factor, if fewer factors dispose of the issue. *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 399 (6th Cir.1997). Although the motion is for a temporary restraining order, the motion is not *ex parte*, as the defendants have previously made an appearance and have had an opportunity to respond. A district court may treat a motion for a temporary restraining order as one for a preliminary injunction if an adverse party had notice and an opportunity to attend a hearing. *See Barron v. PGA Tour, Inc.*, 670 F.Supp.2d 674, 683 at n.8 (W.D. Tenn. 2009). "[w]hether the court construes the present motion as one seeking a temporary restraining order or a preliminary injunction is of no real consequence, as the applicable legal standards are the same for both." *Barron*, 670 F.Supp.2d at n. 8.

  In the present case, a preliminary injunction is appropriate whereas a temporary restraining order is not. A temporary restraining order is inappropriate because: (1) the Defendant is already a party to the case (and has made numerous filings, including a motion to dismiss); (2) the relevant Executive Order cited by the Plaintiffs is over a month old and was just recently discovered by the Plaintiffs, which highlights the lack of imminent danger that would

necessitate a temporary restraining order; and (3) there are other adequate remedies available, including a fully-briefed preliminary injunction motion and hearing.  Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion for a Temporary Restraining Order [**R. 14**] is **CONSTRUED** as a motion for a preliminary injunction;

2. Defendants **SHALL** have up to and including **Friday July 16, 2021** to file a response to the preliminary injunction motion;

3. Plaintiffs **SHALL** have up to and including **July 22, 2021** in order to file a reply; and

4. A hearing on the motion is **SET** for **Friday July 23, 2021** at **10:00 a.m.** at the federal courthouse in **Frankfort**, Kentucky.

This the 9th day of July, 2021.

Gregory F. Van Tatenhove
United States District Judge